IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ASSET RECOVERY, INC. ) <br> an Illinois Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WHITNEY HOLDING CORPORATION, ) <br> a Louisiana Corporation, d/b/a ) <br> WHITNEY NATIONAL BANK, ) <br> ) <br> Defendants. ) | Case No. 08-CV-01786 |

## ANSWER AND AFFIRMATIVE DEFENSE

WHITNEY HOLDING CORPORATION, a Louisiana corporation, ("Defendant"), by and through its attorney, Kurt M. Carlson, for its Answer and Affirmative Defense, states as follows:

### BREACH OF CONTRACT

1. ASSET RECOVERY, INC., is an Illinois corporation with its principal place of business located in Cook County, Illinois, engaged in the collection of outstanding receivables.

ANSWER: Defendant lacks knowledge to either admits or deny the allegations of Paragraph 1.

2. Defendant is abanking and financial institution with its principal place of business located at 228 St. Charles Avenue, New Orleans, Louisiana.

ANSWER: Admitted.

3. Defendant is the successor-in-interest to Madison Bank, which merged with and into Defendant on or around August 20, 2004, whereas Whitney National Bank by operation of

law succeeded as assignee to all rights and obligations of Madison Bank under any contracts or service agreements to which Madison Bank is a party pursuant to Davis' written consent as evidenced in the August 17, 2004 letter attached hereto as Exhibit A.

ANSWER: Defendant admits that is it is a successor-in-interest to Madison Bank. Defendant Admits that a letter dated August 17, 2004 is attached to the Complaint as Exhibit A and further states the letter speaks for itself. The remaining allegations of Paragraph 3 are legal conclusions and thus require no answer from the Defendant.

4. On April 19, 1999, Madison Bank entered into a validly executed agreement with Davis Bancorp, Inc., hereinafter "Davis", for the purpose of providing Bank Courier Services. ("Agreement") A copy of the Agreement is attached hereto as Exhibit B.

ANSWER: Admitted.

5. Pursuant to paragraph 11 of the Agreement, the Agreement became effective on April 26, 1999, and was to remain in force for five (5) years up until and through November 30, 2003.

ANSWER: The Agreement speaks for itself.

6. Throughout the course of business dealings, Madison Bank and Davis entered into various Schedule Modification and Amendments extending the terms of the Agreement.

ANSWER: Admitted.

7. On or about July 6, 2006, Davis and Defendant entered into the most recent Schedule Modification and Amendment ("Amendment") in which Davis and Defendant agreed upon adding shipments to the existing schedule for Bank Courier Services. A copy of Amendment is attached as Exhibit C.

ANSWER: Defendant admits that Exhibit C is a Schedule Modification and Amendment. Defendant denies that this document is legally enforceable and binds the Defendant.

8. Pursuant to the Amendment, Davis and Defendant agreed to a modification of the Agreement in which Davis' charges for services were increased per billing period and the Commencement Date was modified to July 24, 2006.

ANSWER: The Amendment speaks for itself, though Defendant denies the document is legally enforceable and binds the Defendant.

9. Pursuant to the Agreement and the Amendment, the Agreement remained in force for five years from the Commencement Date, through July 24, 2011.

ANSWER: The Amendment and Agreement speak for themselves, though Defendant denies the Amendment is legally enforceable and binds the Defendant.

10. At all times during the pendency of the Agreement, Davis rendered and performed all services and duties required of Davis in accordance with the Agreement.

ANSWER: Denied.

11. In or about August, 2007, Defendant terminated the Agreement prior to the agreed upon termination date and schedule.

ANSWER: Denied.

12. Paragraph 15 of the Agreement provides that should Defendant unilaterally terminate the Agreement prior to the scheduled termination date, then it is agreed that as liquidated damages, and not as a penalty, Defendant shall pay an amount equal to seventy-five (75%) percent of the charges remaining to be paid through the scheduled termination date of the Agreement.

ANSWER: The Agreement speaks for itself. By way of further answer, the Defendant states that Paragraph 15 of the agreement is an unenforceable penalty clause.

13. As a result of Defendant's unilateral early termination of the Agreement, Defendant owes Plaintiff $289,704.25.

ANSWER: Denied.

14. Subsequent to Defendant's unilateral termination, Davis assigned to Plaintiff all of its rights, title and interests in and to the Agreement.

ANSWER: Defendant denies that it unilaterally terminated the Agreement. Defendant lacks the knowledge and information to either admit or deny Davis's assignment of its rights, title and interests to the Agreement and demands strict proof that any privity of contract exists between either the Plaintiff and the Defendant or the Plaintiff and Davis.

15. Both Davis and Plaintiff have made numerous demands upon Defendant for the payment due and owing per the Agreement, but Defendant has failed and refused to pay same.

ANSWER: Defendant admits that Davis and the Plaintiff have made demands and Defendant has refused the demands. Defendant denies that there is any payment due and owing per the Agreement. By way of further answer, Defendant states that it lack knowledge and information to either admit or deny Davis's assignment of its rights, title and interest to the Agreement and demands strict proof that any privity of contract exists between either the Plaintiff and the Defendant or the Plaintiff and Davis.

16. Defendant continues in its failure and refusal to remit payment to the Plaintiff for the early termination of the Agreement.

ANSWER: Defendant denies that it terminated the Agreement or that it owes Plaintiff any payment under the Agreement. By way of further answer, Defendant states that it lack

knowledge and information to either admit or deny Davis's assignment of its rights, title and interest to the Agreement and demands strict proof that any privity of contract exists between either the Plaintiff and the Defendant or the Plaintiff and Davis.

17.     Davis and Plaintiff have performed all terms and conditions required of them.

ANSWER:     Denied.

18.     Defendant's failure to pay the amounts due and owing under the Agreement constitute a breach of the Agreement.

ANSWER:     Defendant denies it has breached the agreement and that any money is due and owing under the Agreement.

19.     Pursuant to paragraph 14 of the Agreement, Defendant is responsible for all costs and expenses incurred by Plaintiff, including Plaintiff's attorney's fees.

ANSWER: Denied. Though the Agreement speaks for itself, Paragraph 19 of Plaintiff's Complaint is a misrepresentation of the Agreement. Paragraph 14 of the Agreement states "In any matter which is brought to litigation, the prevailing party shall recover its court costs and its reasonable attorney fees."

20.     Furthermore, pursuant to paragraph 14 of the Agreement, it is agreed that the proper venue for any claims resulting from the breach of the Agreement shall be in Cook County, Illinois.

ANSWER:     Admitted.

WHEREFORE, WHITNEY NATIONAL BANK requests the entry of an order dismissing Plaintiff's Complaint, awarding Whitney National Bank its reasonable attorneys' fees and for such further relief as this Court deems proper.

**AFFIRMATIVE DEFENSE: SETOFF**

1. Whitney and Davis executed certain agreements and amendments whereby Davis was to provide courier services for Whitney.

2. During the term of the agreements, Davis failed to provide all courier services required of it under the agreement, forcing Whitney to use alternative courier services.

3. Davis's failure to perform all required services caused Whitney damages in the amount of $12,257.40.

4. Further, Davis unilaterally and without cause terminated the agreements between Davis and Whitney and ceased all courier services.

5. In having to retain and pay alternative courier services after Davis's unilateral termination and cessation of courier services, Whitney has been damaged.

6. Asset Recovery, Inc. has claimed it has been assigned all right title and interest to the agreements between Whitney and Davis.

WHEREFORE, Whitney National Bank, requests that this Court setoff the amounts owed by Asset Recovery, Inc. to Whitney National Bank against any alleged amounts owed by Whitney National Bank and for whatever further relief this Court deems just.

Dated: June 13, 2008.                    Respectfully Submitted,

**Whitney Holding Corporation**

By: _____*s/ Kurt M. Carlson*_____
       One of Its Attorneys

Kurt M. Carlson #6236568
Martin J. Wasserman #6294040
**TISHLER & WALD, LTD.**
200 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 876-3800